[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Joan Barner, by writ, summons and complaint, dated September 8, 1993, seeks a dissolution of her marriage to the defendant, David P. Barner.
Based upon a preponderance of the credible, relevant and legally admissible evidence, the court finds, determines and rules as follows:
The wife, whose maiden name was Joan Garvey, and the husband intermarried at Gloucester, Massachusetts, on August 19, 1972.
Both parties to this marriage, for at least twelve months next preceding the date of this complaint, have resided continuously in this state.
Matthew William Barner is a minor child, lawful issue of the marriage, who was born on July 6, 1979. He is now fifteen years of age.
None of the parties are receiving governmental assistance of any sort.
The marriage of the partes [parties] has broken down irretrievably, without hope of reconciliation.
The court expressly finds the major cause of the breakdown of this marriage is the excessive drinking of the plaintiff. The evidence indicates that the plaintiff has a serious drinking problem which she refuses to acknowledge. It could be argued that her drinking per se is not the direct cause of the breakdown of the marriage but her failure to recognize that she has this problem and her failure to seek appropriate treatment to ameliorate same is CT Page 7006 the actual cause of the breakdown.
The court recognizes that alcoholism is considered by most authorities to be an illness and appreciates the fact that the alcoholic is a victim. However, unlike most illnesses, alcoholism as it has in this case, has a devastating effect on the family and friends of the afflicted party. They too become victims of the alcoholics illness. Here the husband is distraught, the children are subject to the loss of a functioning parent and embarrassment, and her friends are deeply concerned for her.
The plaintiff is a college graduate and a teacher of some years experience. She should be able to work in her profession, but she must recognize and acknowledge the fact that she is an alcoholic and seek rehabilitative treatment and take back her life.
By stipulation of the parties, with the courts approval, joint custody of the minor child, Matthew, is ordered with principal residence with the defendant and with reasonable visitation rights to the plaintiff.
Further, by stipulation and approval of the court, the escrow held from the sale of the marital home be paid over to the parties; $5,816.63 to the plaintiff and $1,270.79 to the defendant.
During the trial an IRS refund check was endorsed and turned over to the defendant who is to endorse same and turn it over to the IRS. Any unpaid obligation remaining shall be the sole responsibility of the defendant who shall hold and save the plaintiff harmless.
The court, based on the facts and circumstances in this case, concludes that alimony of limited duration is appropriate. The fact that she has a drinking problem that she must resolve supports a limited term alimony award. She has the education, work skills and the desire to work that must utilized in order to put her life back on course. Permanent alimony cannot be justified here. Limited term alimony for a reasonable period for rehabilitation is equitable and proper considering the plaintiffs drinking the major cause for the breakdown of the marriage. CT Page 7007
Accordingly, periodic alimony in the amount of $250.00 per week for a period of four years is awarded the plaintiff, non modifiable as to amount and term, and retroactive to May 16, 1994.
The defendant at his expense is to maintain health insurance for the plaintiff during the period of the alimony payment. If during such period the plaintiff has health coverage through her employment, the defendants obligation to maintain health care shall cease.
The defendant shall provide sufficient life insurance to secure the alimony payment and name the plaintiff as beneficiary.
The defendant shall pay to the plaintiff the sum of $2,500.00 towards counsel fees. Said payment to be made within 120 days.
Accordingly, a decree may enter dissolving the marriage of the parties, incorporating therein the above awards and orders of the court, and restoring to the plaintiff her maiden name, Joan Garvey.
SPALLONE, STATE TRIAL REFEREE